U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2018 JUL -3  AM 10: 09

CLERK

BY $E H$

DEPUTY CLERK

UNITED STATES OF AMERICA, )
                Plaintiff, )
)
v. )   Civil No. 2:18-cv-106
)
CONTENTS IN ACCOUNT NOS. 5390370209 )
AND 4018473086 IN THE NAME OF OR FOR )
THE BENEFIT OF SANDRA T. MOORE AND )
MARY L. CONNOLLY AT CITIZENS BANK, )
)
CONTENTS IN ACCOUNT NO. 9500113908 IN THE )
NAME OF OR FOR THE BENEFIT OF SANDRA )
T. MOORE AT GREENFIELD SAVING BANK, )
)
                Defendants. )

## VERIFIED COMPLAINT OF FORFEITURE

Now comes plaintiff, the United States of America, by and through its attorney, Christina

E. Nolan, United States Attorney for the District of Vermont, and respectfully states as follows:

This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C)

through forfeiture of the defendant property, listed as follows:

1)    Contents in Account Nos. 5390370209 and 4018473086 in the name of or for the benefit of Sandra T. Moore and Mary L. Connolly, at Citizens Bank; and

2)    Contents in Account No. 9500113908 in the name of or for the benefit of Sandra T. Moore, at Greenfield Savings Bank

(collectively the "Property"), which constitutes proceeds of wire fraud, in violation of 18 U.S.C.

§ 1343, and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the defendant Property under 28 U.S.C. §§ 1345

1

and 1355.   Upon filing this Complaint, the Plaintiff requests that the Court issue Warrants of

Arrest for the contents of Citizens Bank accounts 5390370209 and 4018473086, and Greenfield

Savings Bank account 9500113908 pursuant to Supplemental Rule G(3)(a), and which the

Plaintiff will execute upon the defendant Property pursuant to 28 U.S.C. § 1355(d) and

Supplemental Rule G(3)(C).   Because this action involves the civil forfeiture of funds deposited

in accounts in financial institutions, 18 U.S.C. § 984 also applies.

## FACTS

2.      The facts and circumstances supporting the seizure and forfeiture of the Property

are contained in Exhibit A, the Affidavit of Secret Service Special Agent May Chow, which is

attached hereto and fully incorporated herein by reference.   In brief, in about 2005, Mary

Connolly and Sandra Moore began a personal relationship that continued until Mary's death in

December 2017.   For a number of years until Mary's death, Mary and Moore lived together in a

house Mary owned in Vernon, Vermont.   In 2006, Mary and Moore opened a joint checking

account (No. 5390370209) at Citizens Bank.

3.      Mary suffered from heart disease.   In 2004, Mary executed a will that bequeathed

to her three children her entire estate.   In 2010, Mary signed a durable power of attorney

appointing Sandra Moore as her attorney-in-fact.   The power of attorney forbade Moore from

making any gifts on Mary's behalf.   Vermont law also prohibits an agent acting under a power

of attorney from engaging in self-dealing.

4.      In July 2013, Moore opened a checking account at Citizens Bank (No.

4010524935) in the name of Bella Dipinto.   The address on the account was Mary Connolly's

home in Vernon.   Moore was the only signer on the account.   Later that month, the title of the

2

account was changed to Sandra T. Moore, dba Bella Depinto.   Moore remains the only signer on the -4935 account.

5.      On October 30, 2017, Mary was admitted to Dartmouth Hitchcock Hospital and she remained in the hospital continuously until her death on December 21.   By operation of Vermont law, Moore's appointment as Mary's attorney in fact terminated with Mary's death. The Windham County Probate Court has appointed Brendan Connolly, one of Mary's children, as the executor of the Estate of Mary Connolly.

6.      On November 13, 2017, while Mary was in hospital, United Parcel Service left an envelope at the front door of Mary's house in Vernon.   The envelope contained a check from the AHP Settlement Trust Fund that was made payable to Mary L. Connolly in the amount of $750,516.06.

7.      On or about November 16, 2017, Sandra Moore opened two accounts at the Brattleboro branch of Citizens Bank.   She was the sole signer on the two accounts, a checking account (No. 4018124898) and a money-market account (No. 4018473086).   On November 29, 2017, Mary Connolly was added as a signer on both accounts.   Brendan Connolly, who is familiar with Mary's handwriting, has seen the signature cards for the Citizens Bank accounts and has stated he is doubtful that Mary's signature is genuine.

8.      On or about November 16, 2017, Moore deposited the AHP Settlement check into the Citizens Bank -3806 money market account.   The check is endorsed "For Deposit Only." Below that endorsement appears what purports to be the signature of Mary Connolly and below that the signature of Sandra Moore.   Brendan Connolly states that he is certain Mary's signature on the check has been forged.

3

9.      Between November 16, 2017 and February 2018, Moore made numerous debits and transfers of funds from the -3086 money market account.   Most of these were transfers into the Citizens Bank checking account (the -0209 account) that she and Mary had opened in 2006. Between November 17 and November 30, 2017, for example, Moore made eight on-line transfers, totaling $98,000, from the money market account to the -0209 checking account. Prior to Mary's death, Moore made an additional $2000 transfer to the -0209 account on December 14.   In January 2018, after Mary's death, Moore made seven more on-line transfers into the checking account.   These transfers were in the total amount of $61,000.   On May 30, 2018, Moore transferred $10,000 from the -3086 money market account into the -0209 checking account.   On January 12, 2018, Moore also made an on-line transfer of $10,000 from the -3086 money market account to her -4935 Bella Dipinto account.

10.     On January 13, 2018, Moore withdrew $500,000 from the -3806 money market account via a Citizens Bank Official Check made payable to her.   On January 18, 2018, Moore opened an account (No. 9500113908) at Greenfield Savings Bank in Greenfield, Massachusetts. That same day, Moore deposited the $500,000 check into the -3908 account.   The $500,000 has remained intact in that account, earning monthly interest.

11.     As of June 14, 2018, there remained approximately $67,000 in the -3086 money market account.

12.     On November 15, 2017, the balance in the Citizens Bank -0209 checking account was $799.60.   Between November 16, 2017 and June 14, 2018, Moore made deposits into this account totaling about $27,800 that did not directly come from the -3086 money market account. Thus, the majority of funds currently in the -0209 account are directly traceable to the

4

-3086 account.

13.     After November 16, 2017, Moore wrote many checks against the -0209 checking account that appear to benefit her personally, were gifts or were transactions inconsistent with the fiduciary duty she owned Mary Connolly as her attorney-in-fact.   For example, Moore issued several checks to Citibank, adding up to more than $31,000, to pay credit card obligations in her name.   Moore paid $11,000 to the Town of Newfane in taxes on property she owned in that town.   Moore also wrote checks for more than $30,000 to members of her family.

14.     In the course of an in furtherance of the above-described scheme to defraud, the interstate wire communication system was utilized.

### Count I

The Property constitutes proceeds of wire fraud, 18 U.S.C. § 1343, which is specified unlawful activity within the meaning of 18 U.S.C. §§ 1956(c)(7) and 1961(1)(B), and is, therefore, forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).**RELIEF REQUESTED** WHEREFORE, the United States of America prays that Warrants of Arrest for the contents of Citizens Bank accounts 5390370209 and 4018473086, and Greenfield Savings Bank account 9500113908 be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

5

Dated at Burlington, in the District of Vermont, this 2nd day of July, 2018.

UNITED STATES OF AMERICA

CHRISTINA E. NOLAN
United States Attorney

By:
GREGORY L. WAPLES
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725

## **VERIFICATION**

I, May Chow, a Special Agent with the United States Secret Service, declare and state that I have read the complaint *in rem* filed herewith and know the contents thereof; that the same is true of my own personal knowledge, except as to those matters therein alleged to be on information and belief, and, as to those matters, I believe them to be true; that the sources of my information and the grounds for my knowledge or belief are official records and files of the United States.

I declare upon penalty of perjury that the foregoing is true and correct.

MAY CHOW
Special Agent, U.S. Secret Service

Sworn to and subscribed before me this 2nd day of July, 2018.

Notary Public
My Commission Expires: 2/10/19

6

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2018 JUL -3  AM 10: 16

CLERK

BY_____ ὑλν_____
DEPUTY CLERK

UNITED STATES OF AMERICA, )
                    Plaintiff, )
                              )
                              )
          v.                  )      Civil No.  2:18-cv -106
                              )
CONTENTS IN ACCOUNT NOS. 5390370209 )
AND 4018473086 IN THE NAME OF OR FOR )
THE BENEFIT OF SANDRA T. MOORE AND )
MARY L. CONNOLLY AT CITIZENS BANK, )
                              )
CONTENTS IN ACCOUNT NO. 9500113908 IN THE )
NAME OF OR FOR THE BENEFIT OF SANDRA )
T. MOORE AT GREENFIELD SAVING BANK, )
                              )
                    Defendants. )

## AFFIDAVIT

May Chow, being duly sworn, deposes and states:

1.     I am a Special Agent with the United States Secret Service and have been so

employed for 20 years.     I am currently assigned to the Burlington, Vermont resident agency.

2.     This affidavit is being submitted to establish probable cause to believe that Sandra

T. Moore has engaged in a scheme to commit wire fraud, in violation of 18 U.S.C. § 1343.

3.     This affidavit is also being submitted to establish probable cause to believe that

the contents of defendant accounts 5390370209 and 4018473086, in the name of or for the benefit

of Sandra T. Moore and Mary L. Connolly at Citizens Bank, and account 9500113908 in the

name of or for the benefit of Sandra T. Moore at Greenfield Savings Bank, constitutes the

proceeds of a wire fraud scheme in violation of 18 U.S.C. § 1343 and is therefore forfeitable to

the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

1

4.     This affidavit sets forth probable cause to believe that, beginning no later than November 2017 and continuing until the present, Sandra Moore engaged in a scheme to fraudulently obtain and convert to her own benefit the proceeds of a $750,516.06 check that had been issued and made payable to Mary L. Connolly and mailed to Connolly's home in Vernon, Vermont.   As part of her scheme and to facilitate it, Moore forged Connolly's endorsement on the check, then deposited it into an account Moore had opened in Moore's name at Citizens Bank. Moore later transferred $500,000 of these funds to another account she opened in her name at Greenfield Savings Bank.   Moore used tens of thousands of dollars from the Citizens Bank account to enrich and benefit herself.

5.     This affidavit is based upon my own knowledge, as the Secret Service agent assigned to this investigation, and upon information provided to me by others, including Brendan Connolly, a son a Mary Connolly and the executor of the Estate of Mary Connolly.   Because this affidavit is being submitted for the limited purpose of establishing probable cause and because the investigation of Moore's actions is not complete, it does not include all of the information and details of Moore's criminal conduct or the investigation to date.

6.     In approximately 2005, Mary Connolly and Sandra Moore began a personal relationship that continued until Mary's death in December 2017.   For a number of years until Mary's death, Mary and Moore lived together in a house Mary owned in Vernon, Vermont.   In 2006, Mary and Moore opened a joint checking account (No. 5390370209) at Citizens Bank.

7.     Mary suffered from heart disease.   In 2004, Mary executed a will that bequeathed to her three children her entire estate.   In 2010, Mary signed a durable power of attorney appointing Sandra Moore as her attorney-in-fact.   The power of attorney forbade Moore from

2

making any gifts on Mary's behalf.   Vermont law also prohibits an agent acting under a power of attorney from engaging in self-dealing.

8.   In July 2013, Moore opened a checking account at Citizens Bank (No. 4010524935) in the name of Bella Dipinto.   The address on the account was Mary Connolly's home in Vernon.   Moore was the only signer on the account.   Later that month, the title of the account was changed to Sandra T. Moore, dba Bella Depinto.   Moore remains the only signer on the -4935 account.

9.   On October 30, 2017, Mary was admitted to Dartmouth Hitchcock Hospital and she remained in the hospital continuously until her death on December 21.   By operation of Vermont law, Moore's appointment as Mary's attorney-in-fact terminated with Mary's death. The Windham County Probate Court has appointed Brendan Connolly, one of Mary's children, as the executor of the Estate of Mary Connolly.

10.   On November 13, 2017, while Mary was in hospital, United Parcel Service left an envelope at the front door of Mary's house in Vernon.   The envelope contained a check from the AHP Settlement Trust Fund that was made payable to Mary L. Connolly in the amount of $750,516.06.

11.   On or about November 16, 2017, Sandra Moore opened two accounts at the Brattleboro branch of Citizens Bank.   She was the sole signer on the two accounts, a checking account (No. 4018124898) and a money-market account (No. 4018473086).   On November 29, 2017, Mary Connolly was added as a signer on both accounts.   Brendan Connolly, who is familiar with Mary's handwriting, has seen the signature cards for the Citizens Bank accounts and has stated he is doubtful that Mary's signature is genuine.

3

12.     On or about November 16, 2017, Moore deposited the AHP Settlement check into the Citizens Bank -3806 money market account.   The check is endorsed "For Deposit Only." Below that endorsement appears what purports to be the signature of Mary Connolly and below that the signature of Sandra Moore.   Brendan Connolly states that he is certain Mary's signature on the check was forged.

13.     Between November 16, 2017 and June 2018, Moore made numerous debits and transfers of funds from the -3086 money market account.   Most of these were transfers into the Citizens Bank checking account (the -0209 account) that she and Mary had opened in 2006. Between November 17 and November 30, 2017, for example, Moore made eight on-line transfers, totaling $98,000, from the money market account to the -0209 checking account.   Prior to Mary's death, Moore made an additional $2000 transfer to the checking account on December 14.   In January 2018, after Mary's death, Moore made seven more on-line transfers into the checking account.   These transfers were in the total amount of $61,000.   On May 30, 2018, Moore transferred $10,000 from the -3086 money market account into the -0209 checking account.   On January 12, 2018, Moore also made an on-line transfer of $10,000 from the -3086 money market account to her -4935 Bella Dipinto account.

14.     On January 13, 2018, Moore withdrew $500,000 from the -3806 money market account via a Citizens Bank Official Check made payable to her.   On January 18, 2018, Moore opened an account (No. 9500113908) at Greenfield Savings Bank in Greenfield, Massachusetts. That same day, Moore deposited the $500,000 check into the -3908 account.   The $500,000 has remained intact in that account, earning monthly interest.

15.     As of June 14, 2018, there remained approximately $67,000 in the -3086 money

4

market account.

16.    On November 15, 2017, the balance in the Citizens Bank -0209 checking account was $799.60.    Between November 16, 2017 and June 14, 2018, Moore made deposits into this account totaling about $27,800 that did not directly come from the -3086 money market account. Thus, a majority of funds currently in the -0209 account are directly traceable to the -3086 account.

17.    After November 16, 2017, Moore wrote many checks against the -0209 checking account that appear to benefit her personally, were gifts or were transactions inconsistent with the fiduciary duty she owned Mary Connolly as her attorney-in-fact.    For example, Moore issued several checks to Citibank, adding up to more than $31,000, to pay credit card obligations in her name.    Moore paid $11,000 to the Town of Newfane in taxes on property she owned in that town.    Moore also wrote checks for more than $30,000 to members of her family.

18.    Representatives of Citizens Bank have informed me that when funds are transferred from one Citizens Bank account to another via an on-line transaction, the interstate wire communication system is similar utilized, even if both the transferring and receiving accounts are in Vermont, because the wire activity passes through Citizens Bank servers in Rhode Island.

19.    Based upon the foregoing, I submit that the Property is subject to seizure and civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes proceeds of specified unlawful activity, namely, a wire fraud scheme.    Based on the above, I request warrants of arrest be issued to seize the Property for purpose of civil forfeiture.

5

Dated at Burlington, in the District of Vermont, this 3rd day of July, 2018.

MAY CHOW
Special Agent, U.S. Secret Service

Based on the foregoing, I find that there is probable cause to believe that the property is subject to seizure and civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes proceeds of specified unlawful activity, namely, a wire fraud scheme.

Subscribed and sworn to before me this 3rd day of July 2018.

GEOFFREY W. CRAWFORD
Chief U.S. District Judge

6

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gregory L. Waples, U.S. Attorney's Office, 11 Elmwood Ave, 3rd Floor,
Burlington Vermont, 05401
802-951-6725

## DEFENDANTS
Contents in Account Nos. 5390370209 and 4018473086 in the name of or for the benefit of Sandra T. Moore and Mary L. Connolly, at Citizens Bank; and Contents in Account No. 9500113908 in the name of or for the benefit of Sandra T. Moore, at Greenfields Saving Bank

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED
JUL - 3 2018
U.S. DISTRICT COURT
BURLINGTON, VT

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 981(a)(1)(C)
Brief description of cause:
Forfeiture of property involved in wire fraud.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE _____   DOCKET NUMBER _____

DATE
07/03/2018

SIGNATURE OF ATTORNEY OF RECORD
*Gregory L Waples*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE 1012   MAG. JUDGE _____

2:18-CV-106